UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RAYMOND PADILLA, individually and on behalf of all
others similarly situated,

                                             Plaintiff,

                            -against-

DROPCAR, INC., SPENCER RICHARDSON, DAVID
NEWMAN, DARLYN ALMONTE, and SPENSER
CHARLES,

                                    Defendants.
------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

      Plaintiff, Raymond Padilla ("Plaintiff" or "Padilla"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, DropCar, Inc. ("Dropcar"), Spencer Richardson ("Richardson"), David Newman ("Newman"), Darlyn Almonte ("Almonte"), and Spenser Charles ("Charles") (collectively referred to herein as "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

      1.    This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 142-2.14.

      2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

      3.    This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so

closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5.      Plaintiff Raymond Padilla is an individual residing in the state of New York.

6.      At all relevant times, Plaintiff was a covered employee of DropCar within the meaning of the FLSA and the NYLL.

7.      Defendant DropCar is a corporation with its principal place of business located at 511 Avenue of the Americas, Suite 113, New York, New York 10011.

8.      Defendant DropCar is an on-demand valet service company. Its customers make requests for valet services via a DropCar mobile application.

9.      Defendant Dropcar is a covered employer within the meaning of the FLSA and NYLL, and at all relevant times, employed Plaintiff.

10.      At all relevant times, Defendant Spencer Richardson was and still is a senior management level employee of DropCar who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

11.     Richardson is the Co-Founder and Chief Executive Officer of DropCar and has, at all relevant times, exercised sufficient control over Plaintiff's day-to-day operations to be considered his employer under the FLSA and NYLL.

12.     At all relevant times, Defendant David Newman was and still is a senior management level employee of DropCar who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

13.     Newman is the Co-Founder of DropCar and has, at all relevant times, exercised sufficient control over Plaintiff's day-to-day operations to be considered his employer under the FLSA and NYLL.

14.     At all relevant times, Defendant Darlyn Almonte was and still is a senior management level employee of DropCar who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

15.     Almonte is the Operations Manager of DropCar and has, at all relevant times, exercised sufficient control over Plaintiff's day-to-day operations to be considered his employer under the FLSA and NYLL.

16.     At all relevant times, Defendant Spenser Charles was and still is a senior management level employee of DropCar who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set

employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

17.     Charles is the Lead Coordinator of DropCar and has, at all relevant times, exercised sufficient control over Plaintiff's day-to-day operations to be considered his employer under the FLSA and NYLL.

18.     Upon information and belief, DropCar's revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

19.     Defendants operate in interstate commerce.

20.     Throughout Plaintiff's employment with Defendants, Plaintiff was regularly involved in interstate commerce and was individually covered under the FLSA.

21.     All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

22.     The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

23.     The FLSA Collective Plaintiffs consist of no less than forty similarly situated current and former employees of DropCar who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages and other pay.

24.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA.  This policy and pattern or

practice includes, *inter alia*, failing to pay employees the applicable overtime rate for all time worked in excess of forty hours per week.

25.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

26.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

27.     The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records.  These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Rule 23 Class Allegations

28.     Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action of this Complaint on behalf of himself and all similarly situated employees who were employed on or after the date that is six years before the filing of this Complaint (the "Class Period") pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23.

29.     All said persons are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under F.R.C.P. 23.

30.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the

court. Although the precise number of such persons is unknown, and the facts from which to calculate that number are presently within the sole control of Defendants, upon information and belief, there are more than forty members in the Class.

31.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation; making unlawful deductions from wages; failing to provide wage statements; and failing to provide payroll notices.  Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

32.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests adverse to the Class.  Plaintiff is represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation and have many times previously represented plaintiffs in wage and hour cases.

33.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy --- particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants.

34.    Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently,

and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

35.     Because the losses, injuries, and damages suffered by each of the individual Class members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

36.     Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

37.     The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

38.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

a)      Whether Defendants unlawfully failed to compensate Class members at the applicable overtime rate for hours worked over forty hours per week, in violation of 12 NYCRR § 142-2.2;

b)      Whether Defendants made unlawful deductions from Class members' wages, in violation of NYLL § 193(1);

c)      Whether Defendants unlawfully failed to provide Class members with payroll notices at the start of their employment in violation of NYLL § 195(1);

d)      Whether Defendants unlawfully failed to provide Class members, with each wage payment, a statement listing their rates of pay and basis thereof and anything otherwise required by NYLL § 195(3);

e)      Whether Class members are entitled to damages, and if so, the means of measuring such damages;

f)      Whether Defendants are liable for Class members' attorneys' fees and costs; and

g)      Whether Defendants are liable for liquidated damages.

**V. Factual Allegations**

39.     Plaintiff Padilla was hired by DropCar as a valet in or around December 2015.

40.     Throughout his employment with DropCar, Padilla has reported directly to the Operations Manager, Almonte, and the Lead Coordinator, Charles.

41.     According to its website, DropCar offers its customers two types of services.

42.     For $15.00 per hour, customers can request a DropCar valet to meet the customer at a specified time and location and wait in the customer's car while the customer runs errands, eats a meal, or engages in other activities.

43.     For a monthly fee of $349.00, a DropCar valet will retrieve a customer's car and drive it to a parking lot located in Bronx, New York.  When the customer wishes to use the car, a DropCar valet will return the car from the parking lot to a location designated by the customer.

44.     As a valet, Padilla communicates with customers through the DropCar mobile application and drives, parks, and waits in customers' automobiles.

45.     Defendants exercise significant control over their staff of valets, including Padilla.

46.     For example, Padilla received on-the-job training for his duties from DropCar.

47.     Padilla is required to wear a DropCar uniform while working, which consists of shorts or black pants and a shirt and/or windbreaker jacket branded with the DropCar logo.

48.     DropCar provided Padilla with two shirts and a windbreaker jacket free of charge, but required Padilla to supply his own black pants and/or pay $30.00 to DropCar for a pair of shorts.

49.     Padilla received a company phone and a DropCar email address from DropCar.

50.     Padilla receives all of his valet assignments from DropCar.

51.     Padilla is required to place a DropCar branded flag in the automobiles of his assigned customers.

52.     Defendants reimburse Padilla for Metrocards he purchases for work-related travel.

53.     Padilla is subject to Defendants' awards program. For example, DropCar frequently gives awards to its highest performing valets, such as VIP tickets to meet former baseball players of the New York Yankees.

54.     Padilla is also subject to Defendants' disciplinary protocols, including write-ups for violations of company policy and up to and including fines in the amount of $50.00 for latenesses or failing to show up for an assigned job.

55.     Throughout his employment with DropCar, Padilla has been a non-exempt employee pursuant to the FLSA and the NYLL.

56.     Throughout his employment, Padilla regularly works Sunday through Thursday, from 6:00 a.m. to 6:00 p.m.  Thus, Padilla regularly works 60 hours per week.

57.     Padilla is paid $10 per hour for all hours worked.

58.     Although Padilla regularly works more than forty hours per week, he is not paid one and one-half times his regular rate for every hour worked in excess of forty per week.

59.     Padilla is aware of other current and former DropCar employees who are or were not paid overtime compensation despite working over 40 hours per week.

60.     Defendants also make unlawful deductions from the wages of their valets, including Padilla, in violation of NYLL §193(1).

61. For example, DropCar enforces a policy that charges valets $20 for being late and $50 for not showing up to a job.

62. The money collected from these penalties goes towards a single pool and is awarded each pay period only to valets who don't have any late or no show penalties.

63. DropCar also requires valets who wish to wear shorts during their shifts to purchase a pair of shorts from DropCar for $30.00, but does not reimburse its valets for purchasing this part of their work uniform.

64. Padilla is aware of other current and former DropCar employees whose wages are or were unlawfully deducted by DropCar.

65. Padilla also did not receive a payroll notice at the time of hire containing his rates of pay and the designated payday, or any other information required by NYLL § 195(1).

66. Defendants further failed to furnish Padilla with each wage payment, a statement listing his regular and overtime rate of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ALL OTHER FLSA COLLECTIVE PLAINTIFFS
(Overtime Violations under the FLSA)

67. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

68. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs are entitled to overtime compensation of one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

69.     Throughout the relevant time period, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty hours per week during their employment with Defendants.

70.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular rate for each hour worked in excess of forty hours in a work week.

71.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

72.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

73.     Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**<u>AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ALL OTHER CLASS PLAINTIFFS</u>**
(Overtime Violations under the NYLL)

74.     Plaintiff, on behalf of himself and other Class Plaintiffs, repeats and realleges all prior allegations set forth above.

75.     Pursuant to the applicable provisions of NYLL § 650, *et seq*., and 12 NYCRR § 142-2.2, Plaintiff and Class Plaintiffs were entitled to overtime compensation

of one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

76.     Plaintiff and the Class Plaintiffs regularly worked in excess of forty hours per week during his employment with Defendants.

77.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the Class Plaintiffs overtime wages of one and one-half times their regular rate for each hour worked in excess of forty hours in a workweek.

78.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the Class Plaintiffs the required overtime wages, Plaintiff and the Class Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

79.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the Class Plaintiffs are entitled to liquidated damages.

80.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ALL OTHER CLASS PLAINTIFFS
(Unlawful Deductions under the NYLL)

81.     Plaintiff, on behalf of himself and other Class Plaintiffs, repeats and realleges all prior allegations set forth above.

82.     NYLL § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

83.     Defendants made unlawful deductions from the wages of Plaintiff and the Class Plaintiffs, including fines and penalties for lateness and not showing up to an assignment, and requiring its employees to purchase their own DropCar-branded uniforms.

84.     Defendants' knowing and intentional deductions were willful violations of the NYLL and supporting Department of Labor Regulations.

85.     As a result of Defendants' violations of the law and unlawful deductions from the wages of Plaintiff and the Class Plaintiffs, Plaintiff and the Class Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

86.     Judgment should be entered in favor of Plaintiff and the Class Plaintiffs and against Defendants on the Third Cause of Action in the amount of their unlawfully deducted wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ALL OTHER CLASS PLAINTIFFS
(Failure to Provide Payroll Notices Under the NYLL)

87.     Plaintiff, on behalf of himself and other Class Plaintiffs, repeats and realleges all prior allegations set forth above.

88.     Throughout the relevant time period, Defendants failed to furnish to Plaintiff and the Class Plaintiffs a notice containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and anything otherwise required by NYLL § 195(1).

89.     As Defendants failed to provide Plaintiff and the Class Plaintiffs with payroll notices as required by NYLL § 195(1), they are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ALL OTHER CLASS PLAINTIFFS
(Failure to Provide Wage Statements Under the NYLL)

90.     Plaintiff, on behalf of himself and other Class Plaintiffs, repeats and realleges all prior allegations set forth above.

91.     Throughout the relevant time period, Defendants failed to furnish to Plaintiff and the Class Plaintiffs, with each wage payment, a statement listing: rate or rates of pay and basis thereof; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

92.     As Defendants failed to provide Plaintiff and the Class Plaintiffs with payroll notices as required by NYLL § 195(3), they are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

WHEREFORE Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and the Class Plaintiffs, prays for relief as follows:

a)  on the First Cause of Action on behalf of himself and the FLSA Collective Plaintiffs, for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, an additional award of one hundred percent of all wages due, all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court;

b)  on the Second Cause of Action on behalf of himself and the Class Plaintiffs, for all overtime wages due, an additional award of one hundred percent of all wages due to Plaintiff and the Class Plaintiffs, all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court;

c)  on the Third Cause of Action on behalf of himself and the Class Plaintiffs, all unauthorized deductions, an additional award of one hundred percent of all wages due to Plaintiff and the Class Plaintiffs, all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court;

d)  on the Fourth Cause of Action on behalf of himself and the Class Plaintiffs, for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs;

e)  on the Fifth Cause of Action on behalf of himself and the Class Plaintiffs, for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs; and

f)   Such other and further relief as is just and proper.


Dated: New York, New York
       November 10, 2016

                                        /s/ Adam Sackowitz
                                        Adam Sackowitz
                                        Katz Melinger PLLC
                                        280 Madison Avenue, Suite 600
                                        New York, New York 10016
                                        Telephone: (212) 460-0047
                                        Facsimile: (212) 428-6811
                                        ajsackowitz@katzmelinger.com
                                        *Attorneys for Plaintiff*